DAVID C. ALTENBURG and MARIANNE ALTENBURG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Altenburg v. Commissioner
Docket No. 1469-81.
United States Tax Court
T.C. Memo 1982-402; 1982 Tax Ct. Memo LEXIS 345; 44 T.C.M. (CCH) 495; T.C.M. (RIA) 82402; July 19, 1982. Gloria T. Svanas, for the petitioners. Cynthia J. Olson, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Judge: This case is before the Court on respondent's motion for partial summary judgment filed pursuant to Rule 121. [1] Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a) [2]
1974
$442
1977
1,617
$81
1978
4,075
204
The issues raised by the motion are 1) whether petitioners failed to report as income certain amounts received by a family trust in 1977 and 1978 and 2) whether petitioners are liable for the *347 additions to tax asserted by respondent. Respondent has presented the following uncontroverted evidence in support of his motion: a "Declaration of Trust" for the "David Altenburg Trust," executed February 9, 1977; petitioners' joint Federal income tax returns for the years 1974, 1977 and 1978; and copies of the Forms 1041 filed by the David Altenburg Trust for the years 1977 and 1978. These documents, together with undenied allegations of the pleadings, establish the following facts: Petitioner David Altenburg worked as an independent insurance salesman during 1977 and 1978. Petitioner Marianne Altenburg, David Altenburg's wife, operated a poodle grooming business during the same years. On February 9, 1977, a document entitled "Declaration of Trust" was executed by David Altenburg (as creator and trustor) and Marianne Altenburg and Don Nye (as co-trustees). The trust was created for the purpose of receiving certain real and personal property from the trustor. Beneficial certificates were issued by the trust to David Altenburg, Marianne Altenburg and Irene M. Scoccia in relative proportions of 1: 4: 2. These beneficial certificates entitled their holders to receive a *348 pro rata portion of any income distributed by the trust and a pro rata portion of the corpus on the trust's termination. The trustees were given complete discretion to accumulate or distribute trust income. The trust further provided: This Trust shall continue for a period of twenty-five years from date, unless the Trustees shall unanimously determine upon an earlier date when they may at their discretion, because of threatened depreciation in values, or other good and sufficient reason necessary to protect or conserve trust assets, liquidate the assets, distribute and close The Trust at any earlier date determined by them. On their 1977 joint income tax return Schedule C for David Altenburg's insurance sales business, petitioners reported gross commissions of $23,478, but subtracted therefrom $20,194 as commissions paid out. On its 1977 Fiduciary Income Tax Return, the David Altenburg Trust reported the receipt of $20,057 of insurance commissions by way of David Altenburg, its "nominee." On their 1978 joint income tax return, petitioners did not include any Schedules C for either David Altenburg's insurance sales business or Marianne Altenburg's poodle grooming business. *349 Instead, the David Altenburg Trust 1978 Fiduciary Income Tax Return included a Schedule C for David Altenburg's insurance business, reporting total income of $30,098. (David Altenburg was again listed as nominee recipient of this income.) The Trust return also included, as other income, $1,555 from "Dog Grooming." In 1977 and 1978, the trust reported earning interest income of $65 and $123, respectively. In his statutory notice of deficiency, respondent determined that petitioners were required to include in their 1977 taxable income the $20,057 of commission income and $65 of interest income reported by the trust that year. For 1978, respondent determined that petitioners were required to include in income the $30,098 of commissions, $1,555 of dog grooming income and $123 of interest income reported by the trust that year. Respondent argues that the petitioners' conveyance of their property and lifetime services to the David Altenburg Trust was ineffective to shift the incidence of taxation of income earned by petitioners either under the assignment of income doctrine, the grantor trust rules of sections 671 through 677, or the doctrine of sham transactions. Respondent *350 further argues that petitioners are liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations because a prudent person would know or would discover on consulting an independent person knowledgeable in the tax law that income taxes may not be avoided simply by assigning income and property to a trust. Petitioners, on the other hand, argue 1) that the trust was a legal, taxpaying entity which must be respected as the true earner of the income herein, and 2) that a motion for for summary judgment in the instant case is inappropriate because there are factual issues is dispute. Petitioners have not furnished the Court with any specifics upon which they rely to rebut respondent's factual allegations and have merely relied on the general denials of their pleadings to put the factual matters in issue. Rule 121 (d) provides, in part: When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, be affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine *351 issue for trial. * * * Petitioners have simply failed to demonstrate a genuine issue for trial. Consequently, this case is ripe for partial summary adjudication. Rule 121(b). With regard to the petitioners' commission income and dog grooming income reported by the trust both in 1977 and 1978, numerous cases in this Court have held that such income may not be simply assigned away to a family trust. ; ; . There is no evidence herein to show that the trust had any control whatsoever over the earning of this income. Consequently, and for the reasons stated in the above opinions, petitioners were required as a matter of law to report the commission and dog grooming income on their joint 1977 and 1978 tax returns. With regard to the interest income reported by the trust, we hold that petitioners must also report these amounts because the trust created by David Altenburg runs afoul of the grantor trust rules of sections 671 through 677. In particular, the trust violates section 677(a) which provides *352 that "[t]he grantor shall be treated as the owner of any portion of a trust * * * whose income without the approval or consent of any adverse party is, or, in the discretion of the grantor or a nonadverse party, or both, may be -- (1) distributed to the grantor of the grantor's spouse; (2) held or accumulated for future distribution to the grantor of the grantor's spouse * * *." For purposes of this section, neither Marianne Altenburg nor Don Nye is an adverse party. Section 672(a); . Finally, we uphold respondent's assertion of the negligence addition. Petitioners, who bore the burden of proof, have not made any factual allegations regarding the degree of care they exercised before deciding to set up the instant family trust. They merely deny they were negligent. This is an insufficient showing to avoid the imposition of the addition. . [3]
An appropriate order will be entered.
Footnotes
1. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect during the years before the Court.↩
3. See also .↩